Citation Nr: 1237391 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 07-02 639 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUE

Entitlement to a total disability rating based upon individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Robert V. Chisholm, Attorney at Law


ATTORNEY FOR THE BOARD

Joseph R. Keselyak, Counsel



INTRODUCTION

The Veteran served on active duty from February 1954 to March 1962.

This matter comes to the Board of Veterans' Appeals (Board) from an October 2004 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia. Jurisdiction over the matter was later transferred to the Louisville, Kentucky RO and ultimately the San Diego, California RO.

By a December 2009 determination, the Board denied the Veteran's TDIU claim. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In July 2010, while the case was pending at the Court, the VA Office of General Counsel and the appellant's attorney filed a joint motion for remand, requesting that the Court vacate the Board's December 2009 decision and remand the claim. In July 2010, the Court granted the joint motion, vacating the Board's December 2009 decision and remanding the claim to the Board for compliance with directives that were specified by the joint motion. 

This matter was last before the Board in October 2010 when it was remanded for further development. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.



REMAND

When this matter was last before the Board in October 2010 it was remanded to obtain a medical examination and opinion on whether the Veteran's service-connected disabilities, each standing alone or in conjunction with one another, rendered him unable to obtain and maintain substantially gainful employment. In February 2011 the Veteran was afforded a VA general medical examination, and in June 2012 he was afforded a VA audiological examination. 

The Veteran's attorney has requested that this matter once again be remanded to ensure compliance with the Board's October 2010 remand directives. See Stegall v. West, 11 Vet. App. 268 (1998) (holding that a Board remand "confers on the veteran or other claimant, as a matter of law, the right to compliance with the remand orders"). In particular, the Veteran's attorney points out that the examination reports are inadequate as they do not address the Veteran's entire disability picture, but rather each of his service-connected disabilities in isolation in regards to employment. The Veteran's attorney also asserts that an adequate history was not obtained from the Veteran in regards to his level of education, special training and previous work experience, and notes that valid audiometrics were not obtained during the audiologic examination. 

A review of the examination reports confirms that each service-connected disability was considered individually and that the Veteran's entire disability picture was not considered, i.e. all of his service-connected disabilities together. Also, the examination reports contain little in regards to the Veteran's employment and education, a history of which was to be obtained per the Board's October 2010 remand directives. Accordingly, as the Board's remand directives were not substantially complied with, the matter must once again be remanded. Stegall, supra. 

As to the attorney's concerns regarding the invalid results from his audiological examination, the Board notes that the October 2010 Remand did not instruct that such an examination be performed, and the Board is unsure that such an examination is actually needed to resolve the issue of employability that is on appeal. Therefore, the Board will leave the need for such an examination up to the examiner that is asked to provide an opinion.

Furthermore, although the Board shares the concerns of the Veteran's attorney as to the adequacy of the VA examinations, the invalid audiological results and accompanying clinical findings also raise concern as to the quality of the Veteran's participation in the examinations. Therefore, the Board also cautions the Veteran concerning his own responsibility to cooperate with VA in these matters. The Court has held that "[t]he duty to assist is not always a one-way street. If a veteran wishes help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the putative evidence." Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). The Board believes that the Veteran's duty to cooperate with VA includes reporting for and cooperating during his VA examination.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). Expedited handling is requested.)

1. Make arrangements for the Veteran to undergo a VA examination to determine whether or not the Veteran is prevented from securing and maintaining substantially gainful employment based solely on his service-connected disabilities. The claims folders must be thoroughly reviewed by the examiner in connection with the examination, and a complete history should be elicited directly from the Veteran. 

Any tests and studies deemed necessary by the examiner should be conducted. The examiner should specifically indicate whether an additional audiological evaluation is necessary before rendering an opinion in this case. If it is necessary, one should be performed. If not, the examiner should provide an explanation as to why one is not necessary.

In rendering this opinion, the examiner should discuss each of the Veteran's service-connected disabilities individually as well as in the context of the entire disability picture that is presented by all of these service-connected disabilities together.

Consideration should be given to the Veteran's level of education, special training, and previous work experience, but not to his age or the impairment caused by nonservice-connected disabilities.

The Veteran's service connected disabilities are as follows: 1) bilateral sensorineural hearing loss; 2) tinnitus; 3) duodenal ulcer disease with GERD; and 4) dermatophytosis pedis with onychomycosis.

The examiner should offer a complete rationale for any opinions that are expressed and should cite the appropriate evidence to support his or her conclusions. If the examiner is unable to reach an opinion without resort to speculation, he or she should explain the reasons for this inability and comment on whether any further tests, evidence or information would be useful in rendering an opinion.

2. After the development directed above has been completed to the extent possible, readjudicate the issue on appeal. If any benefit sought on appeal is not granted, the Veteran and his representative should be furnished a Supplemental Statement of the Case and afforded an opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).